UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61378-GOLD

WENRICK MCKENZIE, individually
and on behalf of others similarly situated,

     Plaintiff,

v.

LINDSTROM AIR CONDITIONING, INC.
a foreign corporation; JEFFREY LINDSTROM,
individually; and DOUGLAS LINDSTROM,
individually,

     Defendants.
_____/

## JOINT PRETRIAL STIPULATION

Pursuant to Rule 16.1 of this Court's Local Rules, and Order Setting Trial Dates, the parties file this Joint Pretrial Stipulation and state as follows:

**I. Statement of the Case**

    a. **Plaintiff's Statement**

This is an action for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). The plaintiff, Wenrick McKenzie, claims that he worked numerous hours as a service technician and installer for the defendant, but he was not paid for each of the overtime he worked The plaintiff contends that the defendant engaged in these compensation practices when he worked as an installer and as a service technician.

Six other individuals have opted into this action claiming that they were improperly compensated as well. These individuals are Darius Philips, Steve Martin, Anton Lewis, Isidro Pineda, Robin Forbes, and Marco Iacenda. Although these individuals were titled as installers,

on one or more weeks, they performed service technician work like Mr. McKenzie.

The plaintiffs further contend that Douglas and Jeffrey Lindstrom, owned and managed the corporate defendant, Lindstrom Air Conditioning, Inc., and controlled the terms of conditions of their employment, including compensation, thereby making them individually liable to them for overtime wages. The plaintiffs seek recovery of their unpaid overtime, an equal amount as liquidated damages, and compensation for their attorneys' fees and costs.

Under the FLSA, the plaintiffs are seeking damages for 3 years on the basis that the defendants' violation of the FLSA was willful.

    b. **Defendant's Statement**

As a threshold issue, Defendants contend they acted in good faith to comply with the Fair Labor Standard Act. The defendants also deny that they acted in willful disregard of the Fair Labor Standards Act. As such, Defendants contend that only a two-year statute of limitations apply in this case, which would bar all "service technician" claims and most, if not all, of the lone, "installer" claim of Mr. McKenzie.

During the two years prior to the filing of each claim or opt-in claim, respectively, Defendants properly paid the Plaintiffs an average hourly wage consistent with and in compliance with the Fair Labor Standards Act.

The Defendants, Douglas Lindstrom and Jeffrey Lindstrom did not have the necessary or requisite control over the Plaintiffs to be personally responsible for any alleged violations of the Fair Labor Standards Act.

All of the plaintiffs worked as "installers" during their tenure with Lindstrom Air Conditioning, Inc. To the extent the Plaintiffs are claiming they worked as installers, those claims have been resolved and are not at issue in this case. Mr. McKenzie is the only Plaintiff

seeking payment of overtime wages as an "installer" in this litigation. Mr. McKenzie's claim as an installer against all Defendants is denied to the same extent as his claim as a "service technician." To date, not a single Plaintiff has provided proof or sworn testimony as to the extent of their damages. This is true despite Lindstrom Air Conditioning keeping accurate records of hours worked and despite having provided those records to the Plaintiffs.

## II. The Basis of Federal Jurisdiction

This court has jurisdiction because the plaintiffs' overtime claim arises under the FLSA, 29 U.S.C. §216(b), which is a federal statute. As a result, this court has original jurisdiction over this claim pursuant to 28 U.S.C. §1337.

## III. The Pleadings Raising the Issues

All issues raised in this action are in the Amended Complaint filed on April 17, 2009. The defendant's Answer and Affirmative Defenses to the Amended Complaint was filed on April 26, 2009.

## IV. Uncontested Facts Requiring No Proof at Trial

a. During the plaintiffs' employment, the corporate defendant's gross sales were in excess of $500,000.00 annually.

b. Douglas and Jeffrey Lindstrom are owners of Lindstrom Air Conditioning, Inc.

c. Each plaintiff was an employee of Lindstrom Air Conditioning, Inc.

d. During Wenrick McKenzie's employment, he worked both as an installer and a service technician.

e. The statute of limitations was tolled on only Wenrick McKenzie's claim was tolled in April 2008, but only through the date of filing the lawsuit. See DE 185. The statute of limitations was not tolled as to any other Plaintiff.

    f. In April 2006, the defendants commenced paying their service technicians based on an average hourly rate, in addition to a half time rate for overtime.

    g. Plaintiffs are all non-exempt employees during the time they worked.

V. **Issues of Fact Which Remain to Be Litigated at Trial**

    a. The amount of overtime the plaintiffs worked, if any, for which they was not compensated.

    b. The amount of damages to which the plaintiffs are entitled, if any.

    c. Defendants' good faith defense.

    d. Whether the statute of limitation for claims is only two years from filing the respective claims of Plaintiffs or three-years from the date of filing.

    e. Whether the defendants' violation, if any, was willful to support the three-year statute of limitations, or whether only a two-year statute of limitations applies.

    f. Whether Douglas and Jeffrey Lindstrom were individual employers under the FLSA.

    g. Whether Plaintiffs worked as service technicians for any part of their employment with Lindstrom Air Conditioning.

VI. **Issues of Law on Which There is Agreement**

Plaintiffs are non-exempt and entitled to time-and-a-half wages for overtime hours worked.

VII. **Issues of Law Which Remain for Determination by the Court**

    a. Whether Defendants' conduct under the circumstances was in good faith, and consequently, whether liquidated damages should be awarded.

    b. Whether Defendants' conduct under the circumstances was willful, and

consequently, whether the three year statute of limitations applies, as opposed to the two year statute of limitations.

### VIII. Exhibit and Witness

The parties' will be filing their witness and exhibit lists separately.

### IX. Jury Instructions and Verdict form

The parties agreed and disputed jury instructions and verdict form will be filed separately.

### X. Estimated Trial Time

Plaintiffs estimate that trial will take 5 days. Defendants estimate that the trial will take 10 days.

### XI. Attorney's Fees

Attorney's fees are awardable to prevailing plaintiffs under the FLSA. To date, attorney's fees and costs are in excess of $160,000.00, and time and expense still to be incurred in preparation for trial. Defendants argue that attorney fees may not be recoverable to the Plaintiffs under the doctrine announced in Sahyers v. Prugh, Holliday, 560 F.3d 1241 (11th Cir. 2009) and/or the inherent authority of this Court based on the failure of Plaintiffs to provide an accurate and sworn statement of the amount claimed to be due and/or the inequitable conduct of counsel for the Plaintiffs as announced in Hamm v. TBC Corp., Case No. 11221 (11th Cir. 2009). Defendants also submit that an offer of judgment was served on Mr. McKenzie as it pertains to Count II of the Amended Complaint, and was presumably accepted as to the principle amount offered to Mr. McKenzie, but that the amount of attorney fees offered was not accepted (per counsel for Mr. McKenzie). Mr. McKenzie later testified that he did not accept the principle amount offered and never advised his attorneys otherwise. Thus, the issue of inequitable conduct

as it pertains to Count II and the request for attorney fees is in dispute.

As Defendants have not responded to a single offer by Plaintiff. Defendants have no arguments that plaintiffs are not entitled to fees.

RESPECTFULLY SUBMITTED, this 6th day of November, 2009.

| | |
|---|---|
| **/S/ CAMAR R. JONES** | **/S/ CLIFFORD A. WOLFF** |
| Gregg I. Shavitz, Esquire | Clifford A. Wolff, Esquire |
| Florida Bar No. 0011398 | Florida Bar No. 0076252 |
| Email:gshavitz@shavitzlaw.com | Email: cwolff@wolfflawfirm.com |
| Camar R. Jones, Esquire | The Wolff Law Firm |
| Florida Bar No. 720291 | 1401 East Broward Blvd. |
| Email: cjones@shavitzlaw.com | Fort Lauderdale, FL 33301 |
| SHAVITZ LAW GROUP P.A. | Phone: 954-565-5040 |
| 1515 S. Federal Highway, Suite 404 | Fax: 954-827-8300 |
| Boca Raton, FL 33432 | Attorney for Defendants |
| Phone: 561-447-8888 | |
| Fax: 561-447-8831 | |
| Attorney for Plaintiff | |