UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61378-CIV-ASG/Turnoff

WENRICK MCKENZIE, individually
and on behalf of others similarly situated,

      Plaintiff(s),

v.

LINDSTROM AIR CONDITIONING, INC.,
a foreign corporation; JEFFREY LINDSTROM,
individually; and DOUGLAS LINDSTROM,
individually,

      Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND REASONABLE LITIGATION EXPENSES

**THIS CAUSE** is before the Court upon Plaintiff Wenrick McKenzie and Opt-in Plaintiffs

Robin Forbes, Marco Lacenda, Darius Phillips, Isidro Pineda, and Anton Lewis' Motion for

Attorneys Fees and Reasonable Litigation Expenses. **[DE 239]**. This matter was referred to

the undersigned by the Honorable Alan S. Gold, United States District Judge for the

Southern District of Florida. **[DE 238]**. The Court has reviewed the motion, the response **[DE

134]**, the reply **[DE 140]**, the court file, the applicable law, and is otherwise duly advised in

the premises.

### Background

    Plaintiff Wenrick McKenzie brought an action against Defendants, on behalf of

CASE NO.: 08-61378-CIV-ASG/Turnoff

himself and others similarly situated, for overtime compensation and other relief, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. **[DE 96]**.

On December 3, 2009, the parties reached agreement at a settlement conference before the undersigned. **[DE 237]**. Judge Gold entered an Order Approving the Settlement on December 10, 2009, and referred the case to the undersigned for final disposition per consent of the parties. **[DE 238]**.

Plaintiffs seek a total attorney fee award in the amount of $175,482.50, as the prevailing party in an FLSA action, as well as a total cost award in the amount of $18,007.23, pursuant to Rule 54(d) and 28 U.S.C. § 1920.

**Entitlement to Fees and Costs Award**

Section 216(b) of the FLSA authorizes an award of attorney's fees to a prevailing plaintiff. "[A] prevailing FLSA plaintiff is entitled to an award of some reasonable attorney's fees and costs." Sahyers v. Prugh, Holliday & Karatinos, P.L., 560 F.3d 1241, 1244 (11th Cir. 2009). In order to have "prevailed," a party must have obtained either a judgment on the merits or reached a settlement agreement enforced through a consent decree. Buckhannon Bd. & Care Home, Inc. V. W. Virginia Dpt of Health and Human Resources, 532 U.S. 598, 604 (2001); see also, Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1167 (S.D. Fla. 2003) ("Since the...Order approved the settlement and specifically reserved the right to award attorney's fees, Plaintiff is the prevailing party. Therefore, the entitlement to

CASE NO.: 08-61378-CIV-ASG/Turnoff

attorney's fees is triggered"). It is undisputed that Plaintiffs are the prevailing party in this case. Defendants oppose any award of fees and costs to Plaintiffs, except for the $350 filing fee.

### Attorney's Fees

Plaintiffs seek an award of attorney's fees in the amount of $175,48.50, comprised of the following: (a) 124 hours for attorney Gregg I. Shavitz at an hourly rate of $350.00; (b) 33.5 hours for attorney Christine M. Duignan at an hourly rate of $300.00; (c) 450.35 hours for attorney Camar R. Jones at an hourly rate of $250.00; and (d) 95.20 hours for paralegals Tayara Oliveira, Renata Araujo, Johann Semexant, Iris Zambrano, Cassandra Francois, Glenda Gilles, and Adriana Castrillon-McNish at an hourly rate of $100. In support, Plaintiffs submitted the Declaration of William Julien, as well as billing invoices from July 29, 2008, through December 3, 2009. **[DE 239]** at Exh. 12, 13.

### Legal Standard

Federal courts use the lodestar approach to arrive at an award of attorney fees. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). To arrive at the lodestar amount, the court must determine a reasonable hourly rate for the attorney's services and a reasonable number of hours expended on the claim, and then multiply the two figures together. Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The court may adjust the amount upward or downward based on considerations

Page 3 of 19

such as the results obtained and the quality of the representation. Schafler v. Fairway Park Condominium Ass'n, 324 F. Supp. 2d 1302, 1313 (S.D. Fla. 2004). Plaintiffs bear the burden of documenting hours expended and hourly rates. ACLU of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). In awarding attorney's fees, courts are not "authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Id. at 428.

## A. Reasonable Hourly Rate

The Court must first determine the reasonableness of the hourly rate charged. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-896 (1984)). The fee applicant bears the burden of establishing the claimed market rate. Id. at 1303 (citing Hensley, 461 U.S. at 437). However, where there is a lack of documentation or testimonial support regarding fees, the court may make the award based on its own experience and without any additional evidentiary hearings or pleadings, because the court is itself an expert on the question of reasonable fees. Id.; Harbaugh v. Greslin, 365 F. Supp. 2d 1274, 1282 (S.D. Fla. 2005)(citing Norman, 836 F.2d at 1303).

Relying upon the Declaration of Julien, Plaintiffs' fee expert, Plaintiffs argue that the

hourly rates charged are in the approximate range of the prevailing market range for attorneys in similar-sized firms who practice in the area of FLSA and who have similar skill and experience. Defendants did not contest the hourly rates requested by Plaintiffs' attorneys. Based upon the relevant legal community, the affidavit submitted, and the court's own experience, the undersigned finds that the hourly rates requested by counsel for Plaintiffs are reasonable as follows: (a) $350.00 per hour for attorney Gregg I. Shavitz; (b) $300.00 per hour for attorney Christine M. Duignan; (c) $250.00 per hour for attorney Camar R. Jones; and (d) $100.00 per hour for paralegals.

**B.    Reasonable Number of Hours**

The Court must then ascertain the reasonableness of the hours expended by counsel. Fee applicants must exercise "billing judgment" in preparing their applications, which requires the exclusion of all "excessive, redundant, or otherwise unnecessary [hours]." Hensley, 461 U.S. at 434. The court is charged with reducing the number of hours that are excessive or redundant, and such exclusions are left to the court's discretion. Norman, 836 F.2d at 1301. The court must be reasonably precise in making such exclusions, as must fee opponents in making objections concerning hours to be excluded. Id. Generalized statements by the opposing party that the time spent was unreasonable or unnecessary are accorded little weight. Schafler, 324 F. Supp. 2d at 1314 (citing Norman, 836 F.2d at 1301). Further, in dealing with voluminous fee records, a court is not required to conduct an hour-

by-hour review. Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001). Thus, a fee opponent's failure to be specific in explaining which hours are unnecessary, excessive, or redundant can be fatal. Schafler, 324 F. Supp. 2d at 1314; Gray v. Lockheed Aeronautical Systems Co., 125 F.3d 1387, 1389 (11th Cir. 1997).

Rather than specifically objecting to particular hours, Defendants took a global approach objecting to the fee request as a whole. Defendants argue that Plaintiffs' counsel is not entitled to recover *any* attorney's fees because: (a) the fees are grossly disproportionate to the amount recovered, and federal courts have already deemed Plaintiffs' counsel to have egregious billing practices; (b) Plaintiffs' counsel billed excessively for time spent researching motions which they had prepared hundreds of times before; (c) Plaintiffs' counsel billed for duplicative and clerical work; and (d) Plaintiffs' counsel is not entitled to fees billed for time spent on behalf of the two plaintiffs who were dismissed.

The parties spent a considerable amount of effort in detailing the ways that each of them prolonged the case and caused the other party to expend excessive attorneys' fees. While the undersigned declines to rehash same, he will note that many of the hours expended by Plaintiffs on this case resulted from Defendants' failure to cooperate and Plaintiffs attempted more than once to initiate settlement. Upon review of the case, the written arguments and other submissions, the undersigned finds that, while Plaintiffs should not recover the full amount of fees and costs requested, they are entitled to an

CASE NO.: 08-61378-CIV-ASG/Turnoff

award of fees and costs. Accordingly, the Court will reduce the requested fees to reflect reasonable hours.

Upon review of the billing records in this case, the undersigned notes, *inter alia*, the following deficiencies:

### 1. Lack of Appropriate Billing Judgment

Upon evaluation of the fee ledger, it is apparent that Plaintiffs' counsel has not consistently applied sound billing judgement. First, five (5) Plaintiffs in this case received a total amount of \$500.00 in resolution of their case, with the exception of the named Plaintiff who recovered \$7,000.00. Plaintiffs' counsel is requesting a total fee award of \$175,482.50, while Defendants' counsel claims to have billed only \$42,792.00[1] in the same case. Although the fee award need not be proportionate to the amount of damages recovered, it is a factor for the court to consider under a lodestar reduction analysis. Roldan v. Pure Air Solutions, No. 07-22203-Civ, 2010 WL 410571, at *6 (S.D. Fla. Jan. 29, 2010). Furthermore, the District Courts for both the Southern and Middle Districts of Florida have noted that Plaintiffs' counsel bills excessively and have expressed their skepticism over and concern for counsel's billing practices. Rody v. Pierce Mfg., Inc., No. 09-cv-204, 2009 WL 3418241, at *1 (M.D. Fla. Oct. 20, 2009) ("The Court is not impressed by counsels' blase

---

[1]This amount has not been verified, and Plaintiffs argue the amount is inaccurate and under-reported.

attitude toward the Court's pointed inquiry concerning the fees amassed in this simple FLSA case"); Ortiz v. D & W Foods, 657 F.Supp.2d 1328, 1331 (S.D. Fla. 2009) (awarding fees and sanctions against counsel for bringing frivolous claims).

## 2. Recycled/Excessive/Unnecessary Hours

Defendants correctly assert that certain billable hours claimed by Plaintiffs are excessive and/or unnecessary. First, Defendants argue that Plaintiffs' counsel, who has filed over 1,350 cases pursuant to the FLSA in the Southern District of Florida, simply regurgitated pleadings from prior cases and billed excessively for them in this case. While attorneys need not reinvent the proverbial wheel in each case, and former clients should not bear the cost of future clients' litigation, the balance is a difficult one to strike.

Upon review of the billing entries, the undersigned finds that Plaintiffs' counsel billed excessively for time spent researching and/or drafting motions and/or notices which are typically done in these types of cases. Therefore, a reduction based on excessive billing for recycled pleadings is appropriate.

## 3. Duplicative Billing

Next, Defendants argue that Plaintiffs' counsel engaged in duplicative billing. Redundant hours generally occur where more than one attorney represents a client, but there is nothing inherently unreasonable about a client having multiple attorneys. Norman, 836 F.2d at 1301-1302. If multiple lawyers work on one case and produce redundant or

Page 8 of 19

duplicative work, a reduction is appropriate, so long as they are not reasonably doing the same work. Id. at 1302. For example, in this case, counsel charged for several hours of emails, where both attorneys were copied, resulting in duplicative conversations and double-billing. Additionally, the fee ledger contains several entries where two or more attorneys each billed for the same phone call and for reviewing the same documents. Frequently, these phone calls and emails are insufficiently described in the ledger. Accordingly, a reduction to account for duplicative entries is appropriate.

### 3. Clerical Time

Plaintiffs' counsel billed at least $100.00 per hour for work performed mostly by "JS" and "IZ" for clerical time. These activities include, but are not limited to, receiving and docketing motions, calendaring dates, making photocopies, scanning documents, and preparing files. These clerical tasks are not appropriately billed to one's adversary and should be excluded. See, e.g., Manriquez v. Manuel Diaz Farms, Inc., No. 00-1511-CIV, 2002 WL 1050331, at *6 (S.D. Fla. May 23, 2002) ("Even if clerical work were compensable, it would not be compensable at a paralegal's rate, let alone the attorney's rates"); Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247, 1261 (M.D. Fla. 2000) ("[T]he court finds that [time for serving notices] is purely clerical, and therefore, any time billed for service is not compensable); Inman v. Apfel, No. 97-CV-1272, 2000 WL 1221858, at *2 (M.D. Fla. Jul. 14, 2000) ("[T]asks of a clerical nature are not compensable as attorney's fees"); Norman, 836

CASE NO.: 08-61378-CIV-ASG/Turnoff

F.2d at 1306 ("[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment"). Accordingly, a reduction based on billing for clerical tasks is appropriate.

### 4.    Dismissed Opt-In Plaintiffs

Finally, Defendants argue that work performed on behalf of the two (2) dismissed Opt-In Plaintiffs, Steve K. Martin ("Martin") and Tomas Texidor ("Texidor"), was unnecessary and should not be considered as compensable time. Plaintiffs may not receive compensation for work performed on behalf of the unsuccessful plaintiffs, unless they can prove that such work was intertwined with the work for the successful claims. See, Manriquez, 2002 WL 1050331, at *9 (denying compensation for work performed on behalf of an unsuccessful plaintiff); King v. McCord, 707 F.2d 466, 468 (11th Cir. 1983) (holding that unsuccessful claims were not sufficiently intertwined with the successful claims as to require compensation).

Defendants argue that, when an opt-in plaintiff's claims are dismissed, the defendant is actually the prevailing party, and should not be responsible for plaintiff's counsel's fees. See Scutti v. Daniel E. Adache & Associates Architects, P.A., 515 So. 2d 1023, 1024 (Fla. 4th DCA 1987), overruled on other grounds ("[W]here a plaintiff loses on his complaint, the defendant is the prevailing party").

Martin's claims were voluntarily dismissed without prejudice, while Texidor's claims were involuntarily dismissed for failure to appear at deposition. **[DE 143, 241]**. Upon dismissing Martin's claim, Judge Gold ordered both parties to bear their own fees and costs. **[DE 241]**. With respect to Texidor, Magistrate Judge McAliley denied sanctions against him, but stated that "Defendants may raise the issue of its entitlement to an award of attorney's fees and costs for defending against Texidor's claim at the appropriate time." **[DE 143]**. Thus, a reduction of time spent on these two (2) Plaintiffs is reasonable in light of these court orders.

Although Plaintiffs correctly assert that the work performed on behalf of all Plaintiffs is intertwined, they have not met their burden of providing sufficient evidence for the court to divide the hours expended on a claim-by-claim basis. Manrique, 2002 WL 105033, at *8 (denying fees for unsuccessful plaintiff where counsel failed to demonstrate that the claims are so intertwined that a division cannot be made). Thus, due to the dismissal of Martin and Texidor, a reduction owing to the work performed relating to their claims is appropriate.

**Lodestar Calculation**

As discussed *supra*, denying a fee award to Plaintiffs in its entirety is inappropriate where Plaintiffs' counsel's behavior has not risen to a level of bad faith. In reducing excessive fees, the court may conduct an hour-by-hour analysis or may elect to reduce fees

CASE NO.: 08-61378-CIV-ASG/Turnoff

employing an across-the-board method to avoid "pick and shovel work." Rody, 2009 WL

3418241, at *2 (citing Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008),

reversed on other grounds ("[A] district court may make a reasonable across the board

reduction in hours instead of engaging in pick and shovel work necessary to make a more

precise determination"). While there is a line of cases from the Eleventh Circuit providing

that the court should identify and explain disallowed hours, they also recognize that, when

fee documentation is voluminous, it is not feasible to require a court to precisely review

each hour. Villano, 254 F.3d at 1311. In this case, Plaintiffs' counsel submitted

documentation for 703 hours of work. This number of time entries warrants the application

of a global reduction as opposed to an hour-by-by hour analysis. Id.

As detailed supra, not only were two of the eight Plaintiffs dismissed, but Plaintiffs'

billing statements contained time entries that were excessive, redundant, unnecessary,

and/or recycled. Accordingly, the undersigned finds that, in light of these circumstances,

a fifty (50) per cent reduction in Plaintiffs' counsel's attorney's fees is appropriate. See

Trujillo v. Banco Central del Ecuador, 229 F.Supp.2d 1369, 1376 (S.D. Fla. 2002) (citing

Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994)).

### Costs Pursuant to Federal Rule of Civil Procedure 54

Plaintiffs seek an award of costs in the total amount of $18,007.23. Defendants

oppose Plaintiffs' entire request for costs except for the expenditure in the amount of

CASE NO.: 08-61378-CIV-ASG/Turnoff

$350.00 for the filing fee.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). A prevailing party is entitled to recover costs as a matter of course unless a court directs otherwise under Rule 54. Fed. R. Civ. P. 54(d)(I). Although trial courts are afforded wide latitude in ascertaining taxable costs, absent explicit statutory authorization or contractual authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. §1920. EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

Moreover, the movant must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court. Lee v. American Eagle Airlines, Inc., 93 F.Supp.2d 1322, 1335 (S.D. Fla. 2000) (movant "bears the burden of submitting a request for expenses that would enable the Court to determine what expenses were incurred and whether Plaintiff is entitled to them"). Failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.), as well as failure to set out the necessity of the provided services and their relationship to the case, can be grounds for denial of costs. Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997) (court denied all undocumented costs, even though

costs would have been taxable if properly documented); Davis v. Commercial Union Ins. Co, 892 F.2d 378, 385 (5th Cir.1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in order for the Court to determine the reasonableness' of the costs").

Section 1920 permits recovery of the following costs as a matter of course: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title. 28 U.S.C. §1920.

There are two deficiencies in the documentation submitted by Plaintiffs. First, aside from providing an itemized ledger of costs, Plaintiffs have not supplied *any* supporting documentation describing and verifying the requested cost expenditures. Second, many of Plaintiffs' documented costs are not properly recoverable under § 1920.

**1.     Filing Fees**

Plaintiffs submitted a request for $350.00 in filing fees. Upon review of the docket, there is supporting documentation attached to Plaintiffs initial complaint. **[DE 1]**. Such a

CASE NO.: 08-61378-CIV-ASG/Turnoff

cost is recoverable under §1920. As Defendants have no objection, Plaintiffs should be awarded the cost of $350.00 incurred in filing fees.

### 2.    Process Server Fees

Plaintiffs submitted a request for $455.00 in service of process fees. The Eleventh Circuit has held that "private process server fees may be taxed pursuant to § 1920(1)." W&O, 213 F.3d at 624. Here, although Plaintiffs itemize payments made to Due Process International, Inc., no explanation or supporting documentation is provided. Absent such information, it would place an onerous burden on the court to search through the entire file to determine the validity of such costs. Because the burden of producing supporting documentation rests on Plaintiffs, these costs are denied. See, e.g. Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046-CIV, 2010 WL 750301, at *6 (S.D. Fla. Mar. 3, 2010) (granting movant's request for costs because it was adequately supported by 46 pages of documentation); Mull v. Trinity Yacht Sales and Chartering, Inc., No. 07-21358-CIV, 2009 WL 4594965, at *2 (S.D. Fla. Dec. 1, 2009) (reducing server fees because the submitted invoices did not contain sufficient detail); Montgomery v. Florida First Financial Group, Inc., No. 06-cv-1639, 2008 WL 3540374, at *15 (M.D. Fla. Aug. 12, 2008) (reducing service fees where movant failed to provide sufficient information to determine whether the fee is authorized by the U.S. Marshals).

CASE NO.: 08-61378-CIV-ASG/Turnoff

### 3.    Expert Fees

Plaintiffs requested $8,450.00 in expert witness fees.  Section 1920 (6) provides that only costs for court-appointed experts may be taxed. Rosa v. City of Fort Myers, No. 05-cv-481, 2008 WL 1776458, at *2 (M.D. Fla. Apr. 18, 2008).  Compensation paid to hired expert witnesses cannot be permitted or taxed as costs in federal court. Kivi v. Nationwide Mut. Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983).  Plaintiffs merely list Cutler Consulting Services, LLC, as the "source name" and note the dates and amounts paid thereto. Nowhere is it apparent if this expenditure pertains to a court-appointed expert witness. Under these circumstances, the Court cannot determine whether these costs are compensable.  Consequently, the costs submitted for expert witness fees are denied.

### 4.    Witness Fees

Plaintiffs requested $1,164.08 in witness' fees for payments made to Linda Wilson, Joseph Canosa, Robert Barron, Lisa Nelson, William Day, and Trip Scott Attorneys at Law as witnesses.  Although witness fees are recoverable under § 1920(3), witnesses are entitled statutorily to "an attendance fee of $40.00 per day for each day's attendance" in court or at deposition. 28 U.S.C. § 1821(b).  It has been established that federal courts cannot exceed the limitations set forth in 28 U.S.C. § 1821 and § 1920 absent explicit congressional intent to supersede those sections. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), *superseded on other grounds*, 42 U.S.C. §1988(c) (1991); See, also, Burton v. R.J.

Page 16 of  19

CASE NO.: 08-61378-CIV-ASG/Turnoff

Reynolds Tobacco Co., 395 F.Supp.2d 1065, 1083 (D. Kan. 2005)(despite doctor's invoice of $2,908 for deposition appearance, fee limited to $40 per day plus expenses under §1821). As such, Plaintiffs' request for witness fees is limited to $40 per witness. Having listed six witnesses, the total amount of recoverable costs in witness fees is $240.00.

### 5.   Deposition Fees

Plaintiffs request $6,074.86 in deposition fees. Deposition costs are taxable only if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); W&O, 213 F.3d at 620-21. Plaintiffs only provided a list of itemized payments made to U.S. Legal Support, Inc., "Esquire," and Downtown Reporting on various dates, without any supporting documentation. Again, this makes it impossible for the court to determine whether the costs were necessary and reasonable. Because Plaintiffs have failed to meet their burden, the deposition costs are denied.

### 6.   Travel and related expenses

Plaintiffs request $743.68 in travel expenses. Plaintiffs merely list payments made to "Cioffi, Luciano v. Lennar Corp." and to American Express. Two entries fail to indicate to whom the payments were made. It is unclear whether these costs were incurred for travel relating to witnesses or counsel. In any case, they are denied. Section 1920 does not provide for the recovery of travel expenses for counsel, and § 1821(c)(1) requires documentation of travel for witnesses. As such, the cost of travel expenses are denied.

### 7.    Courier and postage

Plaintiffs seek reimbursement of $67.61 in courier and postage fees.  Such costs are not recoverable under § 1920. See <u>Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.</u>, No. 06-22139-CIV, 2009 WL 1456338, at *7 (S.D. Fla. May 22, 2009).  Accordingly, courier and postage fees are denied.

### 8.    Mediation

Plaintiffs seek reimbursement of $675 in mediation fees.  Mediation fees are not taxable as costs under § 1920. <u>See, e.g.</u>, <u>Roldan</u>, 2010 WL 410571, at *8.  Thus, Plaintiffs' request for mediation fees is denied.

While "costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party," Fed. R. Civ. P. 54(d)(1), attorneys must be cognizant of the underlying rules and procedures controlling the award of costs. <u>Johnson</u>, 173 F.R.D. at 321. "Failure to strictly comply with...filing requirements by parties seeking taxable costs may result in the disallowance of some or all of these costs." <u>Id</u>. Here, Plaintiffs' counsel did not adequately document or explain most of their incurred costs. The burden lies on the party requesting the costs, not on the court, to provide documentation supporting the necessity and reasonableness of requested costs. Accordingly, Plaintiffs are awarded a total amount of $590 in costs for filing and witness fees.

CASE NO.: 08-61378-CIV-ASG/Turnoff

### Conclusion

In light of the foregoing, the undersigned concludes that, although Plaintiffs are entitled to a fee award, a 50% reduction in Plaintiffs' attorney's fees is warranted. Thus, Plaintiffs' requested fees of $175,482.50 are reduced by 50%, yielding a total fee award in the amount of **$87,741.25**. Furthermore, Plaintiffs are entitled to a total cost award in the amount of **$590.00**.

After careful review of the record and for the aforesaid reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Attorney's Fees and Reasonable Litigation Expenses **[DE 239]** be **Granted-in-part and Denied-in-part**, as detailed herein.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 6 day of August 2010.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Alan S. Gold
    Counsel of Record